MOORE, J.,
for the Court:
¶ 1. A jury found appellant Thedrus Greer guilty of aggravated assault. The Leake County Circuit Court sentenced Greer to ten years imprisonment under the custody and control of the Mississippi Department of Corrections. Aggrieved, Greer cites the following issue on appeal:
I. WAS THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
Finding no error, we affirm.
I. FACTS
¶ 2. On August 11, 1998, Betty Viverette died and her daughter, Phyllis Capíes, made the funeral arrangements. The services were delayed from Friday to the following Monday so that Ms. Viverette’s *2 other daughter, who lived in Germany, could attend her mother’s funeral.
¶ 8. James Viverette, the victim, was the husband of Betty Viverette, though they were separated and estranged. When James Viverette heard of the delay in the funeral services, he was vexed and drove to the house of Phyllis Capíes to confront her about the delay. Phyllis Capíes lived with her boyfriend, Thedrus Greer, the appellant. Viverette was accompanied by his nephew, Andre Gates, on his trip to Phyllis Caples’s house. When he arrived, Phyllis Capíes went outside to Viverette’s truck to inform him of the arrangements. Viverette became very angry about the delay. He cursed Phyllis Capíes and told her that he was the boss and should have been consulted about the delay in the funeral. Phyllis Capíes then returned to the house where Greer was cooking dinner. From the kitchen, Greer heard the argument and went outside to tell Viverette not to curse Phyllis Capíes for she had just lost her mother. Viverette got out of the truck and told Greer he had nothing to do with it.
¶ 4. At this point, testimony of the various witnesses is conflicting. Viverette testified that Greer became enraged, chased Viverette around his truck and stabbed him in the back with a kitchen knife he still held. Viverette grabbed a piece of wood from his truck and watched as Greer threatened to kill Andre Gates while chasing him down the highway. When Greer returned from chasing Gates, he threatened Viverette again saying, “Fll kill you,” but Viverette claims he never struck Greer with the piece of wood. The altercation ended when Phyllis Capíes ran out of the house and told Greer and Viverette to stop fighting. In the course of treatment for his stab wound, Viverette required a blood transfusion.
¶ 5. The next witness was Tonya Capíes, the daughter of Phyllis Capíes. She testified that she exited the house at the point when Greer was chasing Gates and threatening to kill him. At the same time she saw Viverette walk toward the back of his truck and stop to pick up a piece of wood. Her mother then asked her to call the police, and she re-entered the house. Andre Gates testified that he saw Viverette get out of his truck but did not see the stabbing.
¶ 6. In the alternative, Greer testified that he heard shouting and, knife in hand, went to tell Viverette not to yell at Phyllis Capíes, who then went in the house. Viv-erette then jumped out of his truck and attacked Greer with a piece of wood, and Viverette “got cut” during the struggle.
¶ 7. Phyllis Capíes testified that she saw Viverette with the piece of wood but could not tell when he picked it up. She also saw Viverette with his hands around Greer’s neck. Defense counsel argued the theory of self-defense to the jury stating that Viverette was the initiator and first attacker. The jury found Greer guilty of aggravated assault.
LAW AND ANALYSIS
I. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 8. Greer argues that the verdict was against the overwhelming weight of the evidence because he proved self-defense, and the testimony of several of the witnesses was not credible. This issue is challenged in a motion for new trial. The decision to grant or deny this motion is discretionary with the trial court. McClain v. State, 625 So.2d 774, 781 (Miss. 1993). The trial court should grant a new trial motion only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice. *3 Wetz v. State, 503 So.2d 803, 812 (Miss. 1987). In reviewing the trial court’s denial of a new trial motion, we must accept as true all evidence favorable to the State, and we may not reverse absent an abuse of discretion. McClain, 625 So.2d at 781. Furthermore, the jury has the duty to determine the impeachment value of inconsistencies or contradictions as well as testimonial defects of perception, memory, and sincerity. Jones n State, 381 So.2d 983, 989 (Miss.1980).
¶ 9. To convict a defendant of aggravated assault, the State must prove that the defendant attempted or caused or purposely or knowingly caused bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm. Miss.Code Ann. § 97-3-7(2)(b) (Rev.1974).
¶ 10. The jury did hear conflicting evidence. Greer testified that Viver-ette attacked him with a piece of wood, yet Viverette testified that he was not the initial aggressor. As witnessed by the verdict, the jury did not agree with Greer’s theory of self-defense. Greer also argues that the witnesses, specifically Viverette, were not credible. As stated above, it is up to the jury to weigh the evidence, including the credibility of the witnesses. The evidence is conflicting in this case, and it is not this Court’s function to determine whose testimony to believe. Thomas v. State, 495 So.2d 481, 485 (Miss.1986). The jury weighed the evidence, believed the State’s witnesses, and convicted Greer of aggravated assault. Accordingly, we find that the verdict was not against the overwhelming weight of the evidence and the trial court did not abuse its discretion in denying the motion for a new trial.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS HEREBY AFFIRMED. COSTS ARE ASSESSED TO LEAKE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.